UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

--------------------------------------------------------     **X**

**IN RE YASMIN AND YAZ (DROSPIRENONE)**          **3:09-md-02100-DRH-PMF**
**MARKETING, SALES PRACTICES AND**
**PRODUCTS LIABILITY LITIGATION**               **MDL No. 2100**

--------------------------------------------------------

                                                           **Judge David R. Herndon**

*Shala Burroughs v. Bayer HealthCare*
*Pharmaceuticals, Inc., et al.* No. 3:12-cv-11454-
DRH-PMF

**HERNDON, District Judge:**

## ORDER

### INTRODUCTION

Presently before the Court is the plaintiff's motion for leave to permit discovery pursuant to Federal Rule of Civil Procedure 26 (Doc. 27). Bayer has responded in opposition (Doc. 28). Additionally, generic defendants Barr/Teva have responded in opposition (Doc. 29). Based on the record and the following, the motion is **DENIED** in part and **GRANTED** in part.

### BACKGROUND

**A. CMO 83**

The instant case is subject to the provisions of Case Management Order Number 83 ("CMO 83"). As outlined in Bayer's briefing, when CMO 83 was entered, this litigation had been pending for approximately 7 years, Bayer had produced more than 120 million pages of documents, and company employees

had sat for 173 days of depositions. Additionally, thousands of cases had been successfully resolved and/or were on track to be resolved through various settlement negotiations and case management orders. CMO 83 was entered with the purpose of establishing a schedule for the efficient progress of remaining cases that would be prepared for trial. CMO 83 allowed for certain case-specific fact discovery. However, in light of the extensive generic discovery that had already taken place, CMO 83 limited additional discovery efforts to the case-specific discovery identified in CMO 83, absent prior leave of court.

## B. Factual Background and Argument

The plaintiff was dispensed and ingested Gianvi, a form of YAZ, during a period of time when Bayer claims it had not yet licensed Gianvi for sale by Barr/Teva. Plaintiff suffered a severe pulmonary embolism and deep vein thrombosis, resulting in surgical removal of her rib to attend to the embolism. Plaintiff seeks discovery of evidence she asserts is relevant to her claims that Bayer is liable for her injury caused by the use of Gianvi. Specifically, plaintiff seeks the following:

a. Bayer's supply and licensing agreement with Barr;

b. Bayer's patent infringement claim against Teva and Barr regarding Gianvi;

c. Bayer's resolution of the patent infringement claim against Teva, including the settlement payment of €68 million from Teva to Bayer for lost profits resulting from the sale of Gianvi carrying NDC No. 0093-5661-58 [which was between the June 2010 and December 2010 period where Plaintiff ingested Teva-manufactured Gianvi];

d. Bayer's supply and licensing agreement with Teva regarding Bayer's

manufacture, supply and licensing of Gianvi;

e. The nature and extent of Bayer's manufacture, packaging, supply, distribution and sales of Gianvi carrying NDC No. 0093-5661-58;

f. The nature and extent of Bayer's manufacture, packaging, supply, distribution and sales of Gianvi carrying NDC No. 0093-5423-58;

g. The United States Federal Trade Commission's investigation, litigation, and resolution of Bayer's anti-competitive business practices as to generic Yaz and Yasmin;

h. The investigation, litigation, and resolution of Bayer's anti-competitive business practices as to generic Yaz and Yasmin with Watson Pharmaceuticals and Sandoz Pharmaceuticals; and

i. Bayer, Teva, and Barr's communications to all United States-based pharmacies regarding the sale, substitution, and distribution of Gianvi carrying NDC No. 0093-5661-58.

Bayer contends the requested discovery is (1) not case-specific; (2) is already available to the plaintiff via the generic discovery previously produced; (3) comes too late (filed just weeks before the close of fact discovery under CMO 83 and two months after Bayer objected to the requested discovery); and (4) plaintiff's legal theories are not viable. Barr/Teva joins in Bayer's arguments. Barr/Teva argues the plaintiff's claims against Barr/Teva are subject to dismissal based on federal preemption. Further, Barr/Teva suggest the plaintiff has acknowledged her claims are subject to federal preemption and that, as a result, the plaintiff previously agreed to voluntarily dismiss her claims against the generic defendants.

## ANALYSIS

The defendants raise a number of arguments regarding the viability of the plaintiff's claims. The Court cannot discern, based on the record before it at this time, whether the plaintiff's claims are viable.[1] Accordingly, the Court is not persuaded by the defendants' viability arguments.

In support of their preemption argument, Barr/Teva contend plaintiff's counsel previously acknowledged plaintiff's claims were subject to preemption and agreed to voluntarily dismiss Barr/Teva. The Court has reviewed the email chain offered as evidence of the alleged agreement. The correspondence indicates the agreement was tentative. Plaintiff's counsel requested assurances regarding discovery, which the Court takes to be the very discovery presently in issue.  It appears that Barr/Teva's lawyer did not respond to this request (or at least the response is not provided to the Court). In any event, as Barr/Teva's counsel states, the written stipulation of dismissal has not been signed. This suggests there is no such stipulation and Barr/Teva's argument on this point is disingenuous.

The Court next evaluates the disputed discovery requests applying the limitations outlined in FRCP 26(b)(1) and in light of CMO 83. The Court finds that the following requests are appropriate case-specific discovery, relevant to the plaintiff's legal theories:

---

[1] Presently, there are no motions pending relating to the defendants' viability arguments, including the claim as to preemption. Thus, these issues have not been fully briefed and are not before the Court.

a.   Bayer's supply and licensing agreement with Barr;

c.   Bayer's resolution of the patent infringement claim against Teva, including the settlement payment of €68 million from Teva to Bayer for lost profits resulting from the sale of Gianvi carrying NDC No. 0093-5661-58 [which was between the June 2010 and December 2010 period where Plaintiff ingested Teva-manufactured Gianvi];

d.   Bayer's supply and licensing agreement with Teva regarding Bayer's manufacture, supply and licensing of Gianvi;

e.   The nature and extent of Bayer's manufacture, packaging, supply, distributionand sales of Gianvi carrying NDC No. 0093-5661-58;

i. Bayer, Teva, and Barr's communications to ~~all United States-based pharmacies~~* regarding the sale, substitution, and distribution of Gianvi carrying NDC No. 0093-5661-58.

 *Except that, the Court limits this discovery request to communications to the specific pharmacy or pharmacies where the plaintiff filled the subject matter prescription or prescriptions.

Accordingly, the plaintiff's motion for leave to take additional discovery is **GRANTED** as to the above requests only (requests a, c, d, e, and i). However, the defendants are not required to re-produce discovery material that was previously produced – this assumes, of course, that the subject production was *complete.* Thus, to the extent that this discovery has already been completely produced, the plaintiff's request is **MOOT**.

As to the remaining discovery requests, the plaintiff's motion for leave to take additional discovery is **DENIED.**

Finally, with respect to the defendants' argument as to timeliness, the Court believes the limited additional discovery permitted by this order will not require "throwing out the schedule" negotiated by the parties and adopted by this Court.

### SUMMARY

The plaintiff's motion for leave to take additional discovery is **GRANTED** as to requests a, c, d, e, and i(subject to the limitation described herein). However, the defendants are not required to reproduce discovery – this assumes, of course, that the subject production was *complete.* Thus, to the extent that the discovery described herein has already been produced, the plaintiff's request is **MOOT**. As to the remaining discovery requests, the plaintiff's motion for leave to take additional discovery is **DENIED.**

**IT IS SO ORDERED.**

**Signed this 18th day of August, 2016.**

Digitally signed
by Judge David
R. Herndon
Date: 2016.08.18
12:54:10 -05'00'

**United States District Judge**