UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

------------------------------------------------------------ x

IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

3:09-md-02100-DRH-PMF

MDL No. 2100

------------------------------------------------------------

Judge David R. Herndon

*Burroughs v. Bayer Healthcare Pharmaceuticals, Inc., et al.,* No. 3:12-cv-11454-DRH-PMF

**HERNDON, District Judge:**

### ORDER

A dispute has arisen with regard to Case Management Order No. 83 ("CMO 83") and the filing of dispositive motions.[1]  Paragraph 9 of CMO 83 provides that *Daubert* and dispositive motions are to be filed no later than 14 days after the conclusion of expert discovery.  The question before the Court is whether Bayer will be allowed to file a summary judgment motion in the above captioned action despite the passing of the 14-day deadline.

Unfortunately, the Court was complicit in setting up this dispute in the following manner.  On December 21, 2016, at 7:48 AM, Special Master Ellis forwarded an inquiry from Bayer's counsel.  The inquiry suggested a lack of clarity regarding whether *Daubert* motions and summary judgment motions

---

[1] The parties have presented their arguments to the Court via email.

1

should be filed in this Court or after remand. This judge, in an enormous error in judgment, when he finally got around to answering the inquiry at 7:59 PM, failed to review CMO 83 and answered as follows: "Seems to me the sum jgmt motions could be filed after remand. If they find it appropriate to file *Daubert* I should take those." Although this response should have been conveyed to both parties (probably by Bayer's counsel as the custom of those type inquires were undertaken), it appears the response was conveyed to Bayer's counsel and it went no farther.

> The relevant provision of CMO 83 provides as follows:
>
> *Daubert* motions and dispositive motions, if any, shall be filed no later than 14 days after the conclusion of expert discovery, with response briefs due 30 days later.

(CMO 83 ¶ 9). This provision is quite clear in its language and directive. However, because of the Court's response and the failure to relay that response to both parties, CMO 83's directive became the subject of ambiguity and unintended consequences. The plaintiff had every reason to believe that if any dispositive motions would be filed, they would be filed within the timeframe covered by the above quoted language. The defendant, on the other hand, believed the "clarification" from the Court for the summary judgment motion it intended to file, gave it leave to wait until the case was transferred before it was to be filed.

The only appropriate way, in the proper management of this case, for the Court to resolve this matter is to reset the clock and require the filing of the dispositive motions, summary judgment or otherwise, in this court in accord with

CMO 83.  The language in CMO 83 does not lack clarity and there is no reason it should not be followed.  Therefore, the defendant has 14 days to file any dispositive motion it wishes to file and once filed, plaintiff has 30 days to respond.  If the defendant does not wish to file a dispositive motion, it shall so advise the Court no later than 5 days hence.

The transfer of the case, if necessary, is therefore delayed until after the Court's ruling on the motion.

**IT IS SO ORDERED.**

**Signed this 7th day of February, 2017.**

Digitally signed by Judge David R. Herndon
Date: 2017.02.07 16:04:43 -06'00'

**United States District Judge**